UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DONALD ADRIAN, et al.,              )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   Civil Action No. 04-1721 (RBW)
                                    )
UNITED STATES, et al.,              )
                                    )
            Defendants.             )
                                    )

## ORDER

The plaintiffs, now residents of Tennessee and Florida, bring this action against Special Agent Robert Selbe of the Federal Bureau of Investigation ("FBI"), now a resident of West Virginia, in his personal and official capacities, and the United States, seeking compensatory and punitive damages for actions alleged to have occurred wholly within the city of Shreveport, Louisiana.[1]  Complaint ("Compl.") ¶¶ 1-3, 8-17.  Currently before the Court is the defendants' motion to dismiss the complaint for, inter alia, improper venue under Federal Rule of Civil Procedure 12(b)(3).

---

[1] The plaintiffs allege claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (2000) ("FTCA"), and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Compl. ¶¶ 18-29. Both parties agree that the United States is the proper defendant for the claims against Special Agent Selbe in his official capacity. Memorandum in Support of Defendants' Motion to Dismiss ("Defs.' Mem") at 2 (stating that "[t]he claims against Special Agent Selbe in his official capacity must be deemed claims against the United States"); Plaintiffs' Opposition to the Defendants' Motion to Dismiss ("Pls.' Opp.") at 2. Moreover, Special Agent Selbe cannot be sued in his personal capacity under the FTCA. See, e.g., Dorman v. Thornburgh, 740 F. Supp. 875, 879 (D.D.C. 1990) (holding that "the exclusive remedy for common law tort claims is an action against the United States rather than against the individuals or the particular governmental agencies"). The plaintiffs also concede that their Bivens claim against Special Agent Selbe in his official capacity cannot be maintained. Pls.' Opp. at 26 ("It is understood that the United States is not responsible for the Bivens claim"). Thus, both the FTCA claims against Special Agent Selbe in his personal capacity and the Bivens claim against Special Agent Selbe in his official capacity must be dismissed.

The defendants argue that venue is improper in the District of Columbia because (1) "the situs of events having operative significance to this case is Louisiana;" and (2) neither the plaintiffs nor Special Agent Selbe reside in Washington, D.C. Defs.' Mem. at 12, 25. The plaintiffs contend in return that the District of Columbia is an appropriate venue for this action because "all actions and activities of the named Defendant were sanctioned, approved, or ratified by FBI Headquarters in Washington, D.C." Compl. ¶ 6. The plaintiffs further state that "in the interest of justice, this Court should simply transfer the matter to the Western District of Louisiana" if it finds that venue is improper. Pls.' Opp. at 6. For the reasons stated below, the Court concludes that the District of Columbia is the improper venue for this action.[2] It therefore transfers this matter to the Western District of Louisiana.

It is clear that the District of Columbia is not the appropriate venue for the plaintiffs' Federal Tort Claims Act ("FTCA") claims. Under the relevant provision of the FTCA, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (2000). It is undisputed that the plaintiffs resided in Louisiana "at all times stated" in the Complaint, and that they now reside in Florida and Tennessee. Compl. ¶¶ 1-3. It is further undisputed that the actions complained of – specifically, statements made in an application for garnishment, the filing of a civil complaint, and the search and seizure of

---

[2] In a motion to dismiss for lack of proper venue under Rule 12(b)(3), "the Court accepts the plaintiffs' well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiffs' favor, and resolves any factual conflicts in the plaintiffs' favor." Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003) (internal quotation marks and citation omitted); see also 2215 Fifth St. Assocs. v. U-Haul Intern., Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (stating that the court will grant a 12(b)(3) motion if "facts [are] presented that . . . defeat [the] plaintiff's assertion of venue") (citation omitted). However, "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citation omitted).

property belonging to the plaintiffs – occurred in their entirety in Shreveport, Louisiana. Id. ¶¶ 8-17. Thus, because the District of Columbia is neither the residence of the plaintiffs nor the situs of the acts complained of, the plaintiffs' FTCA claims are not properly before this Court.

It is also clear that the plaintiffs cannot establish venue as to the Bivens claim against Special Agent Selbe. Civil suits for money damages against federal officials acting in their personal capacity are governed by the general venue provision of 28 U.S.C. § 1391(b) (2000). See, e.g., Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993) (applying § 1391(b) to Bivens action); Freeman v. Fallin, 254 F. Supp. 2d 52, 57 (D.D.C. 2003) (same). This provision states that such an action may

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The District of Columbia is not an appropriate venue for this action under any of these criteria.

First, Special Agent Selbe, who is sued in his personal capacity under Bivens, resides in West Virginia, not Washington, D.C. Compl. ¶ 4. Second, it cannot be said that "a substantial part of the events . . . giving rise to the claim" took place in the District of Columbia. 28 U.S.C. § 1391(b)(2). As noted above, all of the allegedly injurious acts occurred in Louisiana. Compl. ¶¶ 8-17. While it is true that "[c]ourts have found venue proper in Bivens actions where substantial conspiring, planning, or supervision of an event occurred, even if the event itself took place in another judicial district," Freeman, 254 F. Supp. 2d at 57 (citing cases), the plaintiffs here do not so allege. At best, all the

plaintiffs allege is that "all actions and activities of the named Defendant were sanctioned, approved, or ratified by FBI headquarters in Washington, D.C.," Compl. ¶ 6, which is supported in only the most general sense by the assertion that Special Agent Selbe was, in fact, employed by the FBI at the time of the complained-of conduct, see generally Compl. ¶¶ 27-29. The plaintiffs do not allege that Special Agent Selbe's purported violative actions in searching and seizing the plaintiffs' property resulted from any substantial planning, supervision, or conspiracy that occurred in any jurisdiction other than Louisiana, let alone the District of Columbia. See generally id. ¶¶ 8-17, 27-29. Finally, the Court need not rely on Section 1391(b)(3) in determining the appropriate venue for this action, as it is clear that this action could have been filed in the Western District of Louisiana.

      Having concluded that venue is improper in the District of Columbia, the Court must either dismiss the action or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2000). The decision whether to dismiss or transfer is committed to the sound discretion of the Court. See Davis v. Am. Soc'y of Civil Engineers, 290 F. Supp. 2d 116, 120 (D.D.C. 2003) (citation omitted). However, "[t]he interest of justice . . . generally requires transferring such cases to the appropriate judicial district rather than dismissing them." Id. (citations omitted). In this case, it appears that statute of limitations issues may prevent the plaintiffs from refiling their action in the Western District of Louisiana if the Court chose to dismiss this action. See Defs.' Mem. at 18-22, 26 (contending that the plaintiffs' claims are time-barred); Pls.' Opp. at 5 (stating that if the action is dismissed, "the statute of limitations would have run"). Accordingly, the Court finds that it is in the

interest of justice to transfer the matter to the Western District of Louisiana and allow the parties to litigate the plaintiffs' remaining claims in that forum. It is therefore

**ORDERED** that the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. It is further

**ORDERED** that the plaintiffs' FTCA claims against Special Agent Selbe in his personal capacity are hereby dismissed. It is further

**ORDERED** that the plaintiffs' Bivens claim against Special Agent Selbe in his official capacity, and by extension against the United States, is hereby dismissed. It is further

**ORDERED** that the plaintiffs' FTCA claims against the United States and the plaintiffs' Bivens claim against Special Agent Selbe are hereby transferred to the Western District of Louisiana.

**SO ORDERED** this 13th day of March, 2006.

                                                    REGGIE B. WALTON
                                                    United States District Judge